UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA TONER, an individual,<br><br>                         Plaintiff,<br><br>v.<br><br>NATIONAL CITY MORTGAGE CO et al.,<br><br>                         Defendants. | Case No.: 22cv217-JO-AHG<br><br>**ORDER DISMISSING ACTION** |

In this foreclosure dispute, Defendants Rachael Callahan and 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial L.P. as Trustee, moved to dismiss *pro se* Plaintiff Debra Toner's Complaint on various grounds, including lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). In an order filed on April 29, 2022, the Court issued an order to show cause why this case should not be dismissed for lack of diversity jurisdiction. For the reasons stated below, the Court dismisses the action and instructs the Clerk of Court to close the file.

1

## I. BACKGROUND

On February 16, 2022, *pro se* Plaintiff Debra Toner filed a Complaint against Defendants (1) Rachael Callahan; (2) 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial L.P. as Trustee ("U.S. Financial"); (3) Select Portfolio Servicing, Inc ("SPS"); (4) the Bank of New York Mellon, as Indenture Trustee, on behalf of the holders of the CSMC Trust 2010-16 mortgage-backed notes and certificates, Series 2010-16 ("BONY"); (5) National Default Servicing Corporation ("National Default"); (6) National City Mortgage; and (6) Richmond Monroe Group, regarding the alleged wrongful foreclosure of her home. Dkt. 1 ¶¶ 2–13. Plaintiff pleads federal jurisdiction based on diversity under 28 U.S.C. § 1332. *Id.* ¶¶ 14–18. In her Complaint, Plaintiff states that she is a citizen of California, that National City Mortgage is a citizen of Ohio, and that Plaintiff's damages exceed $75,000. *Id.* ¶¶ 16–17.

On February 25, 2022, Plaintiff filed for a Temporary Restraining Order, which the Court construed as a Motion for a Preliminary Injunction. Dkts. 9–10. On March 2, 2022, Defendants Rachael Callahan and U.S. Financial filed a Motion to Dismiss on various grounds, including lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Dkt. 14. On March 14, 2022, Defendants National Default, SPS, BONY, and Richmond Monroe Group separately moved to dismiss on other grounds. Dkt. 16.

On April 29, 2022, this Court issued an order finding that the Court lacked federal question jurisdiction and ordering the parties to show cause why the case should not be dismissed for lack of diversity jurisdiction. Dkt. 23. In response, Defendants filed affidavits stating that Rachael Callahan and U.S. Financial are citizens of California, and that the remaining Defendants are citizens of other states. Dkts. 24–25. Plaintiff, who had already pleaded as a citizen of California, filed a response requesting leave to amend to dismiss all non-diverse Defendants or to state a new federal claim. Dkt. 26.

## II. DISCUSSION

The Court cannot hear Plaintiff's claims because it does not have subject matter jurisdiction. Subject matter jurisdiction is present where a plaintiff adequately pleads

jurisdiction under 28 U.S.C. §§ 1331 or 1332. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513–14 (2006). Under § 1331, the Court has federal question jurisdiction where a plaintiff pleads a colorable claim "arising under" federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002). Under § 1332, the Court has diversity jurisdiction where there is complete diversity of citizenship and the amount in controversy exceeds $75,000. *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1112 (9th Cir. 2016); *Wisconsin Dept. of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (complete diversity is present "only if there is no plaintiff and no defendant who are citizens of the same State."). First, for the reasons stated in the Court's April 29, 2022 order, the Court does not have federal question jurisdiction. *See* Dkt. 23. Second, the parties' responses to the order to show cause establish that the Court does not have diversity jurisdiction. Plaintiff, Rachael Callahan, and U.S. Financial are all citizens of the same state, and there is no complete diversity. *See* Dkts. 24–26. Because the Court does not have federal question or diversity jurisdiction, the case must be dismissed for lack of subject matter jurisdiction.

Furthermore, the Court cannot consider Plaintiff's request to amend the complaint to create jurisdiction, and the case must be dismissed. "Subject matter jurisdiction must exist as of the time the action is commenced." *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380–81 (9th Cir. 1988) ("If jurisdiction was lacking, then the court's various orders, including that granting leave to amend the complaint, were nullities."). "If jurisdiction is lacking at the outset, the district court has 'no power to do anything with the case except dismiss.'" *Orff v. United States*, 358 F.3d 1137, 1149–50 (9th Cir. 2004), *aff'd*, 545 U.S. 596 (2005) (citation omitted). Although Plaintiff has requested leave to amend to create jurisdiction, either by alleging a new federal claim or dropping non-diverse parties, subject matter jurisdiction did not exist at the outset of the litigation and does not exist now. Because the Court lacks subject matter jurisdiction over the case, the Court cannot consider Plaintiff's request. Even if the Court were to grant leave to amend, such an order would be a nullity. Therefore, the action is dismissed.

3

## III. CONCLUSION AND ORDER

For the reasons set out above, the Court dismisses the action without leave to amend for lack of subject matter jurisdiction. The Clerk of Court is instructed to close the file.

**IT IS SO ORDERED.**

Dated: May 10, 2022

Hon. Jinsook Ohta
United States District Judge